UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,                                   Case No.: 1:14-CR-196

v.                                                  Hon. GORDON J. QUIST

TERRY LEE PEAKE, JR.,

        Defendant.

_____/

SENTENCING MEMORANDUM

      Now Comes Defendant Terry Lee Peake, Jr., by and through his attorney, Anna R. Rapa, and offers for the Court's consideration before sentencing on July 14, 2015, this sentencing memorandum.

1

## Table of Contents

I.  Background..................................................................................................................3

II.  Discussion...................................................................................................................4

III.  18 U.S.C. § 3553(A) Factors.......................................................................................5

    A.  The nature and circumstances of the offense and the history and characteristics of the Defendant....................................................................................................5

    B.  The Sentence................................................................................................6

        i.  The need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law and to provide punishment for the offense..............................................................................................6

        ii.  The need for the sentence imposed to afford adequate deterrence to criminal conduct………………………………………………………………….6

        iii.  The need for the sentence imposed to protect the Public from future crimes of the Defendant.....................................................................................6

        iv.  The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other corrections treatment in the most effective manner.........................................................7

    C.  The Kinds of Sentences Available...........................................................................7

    D.  The Need to Consider the Recommended Advisory Guideline Range....................7

V.  Conclusion...................................................................................................................7

**I.     Background**

Mr. Peake is before this Court after pleading guilty to Count One of the Second Superseding Indictment, conspiracy to distribute cocaine.  1.72 kilograms of cocaine has been attributed to Mr. Peake, which places him squarely within a five-year mandatory minimum.  21 U.S.C. § 841(b)(1)(B).  His guidelines range is 41 to 51 months, but because of the mandatory minimum, his actual guideline is 60 months.  Mr. Peake respectfully requests that this Court would sentence him according to the guidelines range and mandatory minimum of 60 months' imprisonment.  Mr. Peake also requests that the Court would recommend placement where he can take drug and alcohol dependence classes as well as vocational training related to HVAC or CDL certifications.

As the Court can see from Mr. Peake's background, his involvement with drug use and abuse began very early on in his adult life, if not before.  *See* e.g., PSIR ¶¶ 161, 164.  In recent years, he has felt a sense of being on the fence, looking both directions–back at his old life of drug involvement and toward a new life where he is free from the entanglements and seduction of both drugs and the wealth that comes from selling drugs.  One of the things that has prevented him from fully moving toward a new life is that he perceives that his friends prefer that he continue to be the "old Chum," the life of the party and the person that everyone wants to be around.  In his words, "lots of love came from the old hustling Chum."  Even so, he his involvement in this conspiracy ended in 2013, which demonstrates that he has already begun making difficult choices that will lead him toward this new life.  PSIR ¶ 114.

Mr. Peake recognizes that he has at least five years in front of him where, if he works hard at it, he can be released with a new outlook on life.  Prison is perhaps not an ideal place for

this to happen, as there are temptations and challenges that arise from the difficult environment. Yet, if Mr. Peake can resist those and dig deep within himself and whatever faith he has, he has the potential to leave with a stronger identity that has moved beyond the old "hustling Chum." This new sense of identity would allow him to make very different, positive choices moving forward.  This is his hope and his intention.  To that end, he requests whatever help the court can recommend from the Bureau of Prisons related to drug and alcohol addiction counseling and vocational training.  He has already has some training in HVAC-related occupations, so he has a specific interest in building on this skill so that he will be employable when he is released.

**II.     Discussion**

Federal courts should engage in a three-step approach to federal sentencing.  First, a court should apply the sentencing guidelines and correctly calculate the guideline range.  *Gall v. United States*, 552 U.S. 38 (2007) (stating that, "to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark").

Next, the court should determine whether a departure is consistent with the guidelines. *See, e.g., United States v. McBride*, 434 F.3d 470 (6th Cir. 2006) (holding that guideline departures are still a relevant consideration for determining the appropriate guideline sentence).

Third, the court should determine whether a variance (a sentence outside the advisory guideline system) is warranted under the authority of 18 U.S.C. § 3553(a).  That is to say, a sentencing court should consider arguments of the parties as to the appropriate sentence to be imposed.  *See, e.g., United States v. Booker*, 543 U.S. 220 (2005), as clarified by *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007).

The court must look to 18 U.S.C. § 3553(a) and the factors enumerated in that section.

After considering the advisory range, the positions of the parties, and the § 3553(a) factors, a sentencing court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.  If a court imposes a sentence outside of the advisory guideline range, the court is expected to explain the departure or variance to such an extent that the defendant and any reviewing court may understand the basis for the chosen sentence.

**III.    18 U.S.C. §3553(A) Factors**

  **A.    The nature and circumstances of the offense and the history and characteristics of the Defendant.**

As he discussed his crime with counsel, Mr. Peake acknowledged the damage that cocaine has done in his community.  He understands and sees that there is a deep wound in his community that comes from the addiction to and sale of cocaine.  He deeply desires to cease to be a part of it; indeed, his involvement in this conspiracy ran for less than a year in 2012 to 2013.  PSIR ¶ 114.  He had already stopped participating before he was indicted on these charges.

Mr. Peake has many positive qualities that, if harnessed toward good rather than community destruction, can make him a positive participant in the community.  Mr. Peake has strong social skills and is a natural leader.  He is an excellent communicator, and he is well-loved by both family and friends.  As discussed above, his social skills and desire to fit into his community have contributed to his criminal behavior.  But if he can find the strength to harness those things for the benefit of his family and his community, he will have a lot to offer.  He knows that he is a role model to his children and his nieces and nephews as well as to people in his neighborhood.  He feels the weight of responsibility that comes with being looked up to.  He has gained vision for how to use that position of leadership positively going forward.  He simply needs skills and support to continue make his way in that direction.

**B.    The Sentence**

      *i.    The need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law and to provide punishment for the offense*

Mr. Peake has a mandatory minimum of five years for his involvement. Mr. Williams, a co-defendant who is reported to be the supplier and "lifeline" of the cocaine in this operation and to whom was attributed 38.5 kilograms of cocaine, received a sentence of 48 months' imprisonment. PSIR ¶¶ 126-127. Mr. Peake's involvement was less than 2 kilograms of cocaine; neither was he the life line of the cocaine in this operation. PSIR ¶ 113. Therefore, the mandatory minimum of five years would more than adequately reflect the seriousness of the offense, promote respect for the law, and provide punishment for the offense.

      *ii.    The need for the sentence imposed to afford adequate deterrence to criminal conduct*

Five years in prison is no small thing. Away from parents with health problems, children who need him, and extended family who love him, Mr. Peake will be feeling the costliness of his criminal behavior every day of his incarceration. Five years of incarceration will serve as a strong object lesson that drug trafficking involvement does not lead to the positive community- or self-image that Mr. Peake anticipated. The shame of incarceration will serve to countermand all the ways that Mr. Peake perceived his drug sales put him in a positive social position. This should be an adequate deterrent to future criminal conduct.

      *iii.    The need for the sentence imposed to protect the Public from future crimes of the Defendant*

Mr. Peake has expressed a longstanding desire to be free of the chains of the image that the old "hustling Chum" has in the community. A five-year sentence will help Mr. Peake to

make a clean break from the pressures of his community and walk forward as a new and different man. More time of incarceration is unlikely to have a greater positive effect on his prior motivations for his criminal behavior.

> *iv.    The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other corrections treatment in the most effective manner*

Mr. Peake requests placement where he can continue his education in HVAC-related vocational skills. He also recognizes that he has a dependence on alcohol, and he respectfully requests substance abuse treatment while incarcerated.

### C.    The Kinds of Sentences Available

Mr. Peake is subject to a five-year mandatory minimum sentence. Therefore, incarceration is the Court's only option here. 21 U.S.C. § 841(b)(1)(B).

### D.    The Need to Consider the Recommended Advisory Guideline Range

Mr. Peake's guidelines range is 41 to 51 months' imprisonment. But because he is subject to a mandatory minimum, his adjusted range is 60 months' imprisonment.

## V.    Conclusion

Mr. Peake requests that this Honorable Court impose a sufficient, but not greater than necessary, sentence in this case. Mr.Peake humbly suggests that a prison sentence of the mandatory minimum would meet the goals of sentencing here.

Dated: July 2, 2015                                    Respectfully Submitted,
                                                                       /s/ ANNA R. RAPA
                                                                       PO Box 2485
                                                                       Grand Rapids, MI 49501
                                                                       616.361.0027
                                                                       annarapa@gmail.com