UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,                                                        Case No. 1:14-CR-196-03

v.                                                                      HON. GORDON J. QUIST

TERRY LEE PEAKE, JR.,

      Defendant.

_____/

**<u>ORDER GRANTING IN PART MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE</u>**

In 2015, Defendant, Terry Lee Peake, Jr., was convicted of conspiracy to distribute cocaine and sentenced to sixty months of imprisonment to be followed by four years of supervised release. Peake began serving his term of supervised release on September 16, 2019. He has filed a motion requesting an early termination of supervised release. (ECF No. 408.) The government acknowledges that several factors support an early termination but opposes the motion because Peake has not yet served half of his supervised release term. (ECF No. 411.)

Section 3583(e) of Title 18 of the United States Code provides for modification and termination of a term of supervised release. After considering certain statutory factors in § 3553(a), a court may terminate a term of supervised release after one year of supervised release if the court finds that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). But, "mere compliance with the conditions of release is not enough to merit early termination of

supervised release because '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release.'" *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015) (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

Having reviewed the record and considered the factors in 18 U.S.C. § 3553(a)(1)-(7), the Court finds that the interest of justice warrants an early termination of Peake's supervised release. 18 U.S.C. § 3583(e)(1).  Peake has maintained gainful employment at Graphic Packaging since December of 2019. He resides in a steady home with his sister and his girlfriend.  It is undisputed that Peake has not had any violation while on supervised release. His exemplary behavior has resulted in the probation officer placing Peake on the administrative caseload.  The government argues that the Court should wait to grant early termination until Peake has completed half of his supervised release term. Although the Court acknowledges that Peake has served only 21 months of his 48-month term, the Court finds that the continued supervision on the administrative caseload for another 3 months is unnecessary. Peake has demonstrated the "exceptionally good behavior" that warrants an early termination of supervised release. *See Atkin*, 38 F. App'x at 198.

**Accordingly, IT IS HEREBY ORDERED** that the supervised release of Terry Lee Peake, Jr., shall terminate as of Midnight, **July 30, 2021**, provided that he has no violation of supervised release prior to that date.

Dated: June 24, 2021                                       /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE